# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | | |
|---|---|---|
| MARK PURCELL FELDER, | : | |
| Plaintiff | : | |
| VS. | : | |
| Patrolman T. KNOWLTON, Patrolman R. TROUTMAN, Deputy JASON LAMBERTH, Head Nurse JANE DOE, Captain TURNER, Sheriff VAN PEAVY, Investigator LAMBERTH, and Deputy TERRY HURDLE, | : | NO. 5:10-CV-402 (MTT) |
| Defendants | : | **ORDER & RECOMMENDATION** |

Plaintiff **MARK PURCELL FELDER**, an inmate at the Dooly County Justice Center ("DCJC"), has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983.

Plaintiff seeks leave to proceed without prepayment of the $350.00 filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). Based on plaintiff's submissions, the Court finds that plaintiff is unable to prepay the filing fee. Accordingly, the Court **GRANTS** plaintiff's motion to proceed *in forma pauperis* and waives the initial partial filing fee pursuant to 28 U.S.C. § 1915(b)(1). Plaintiff is nevertheless obligated to pay the full filing fee, as will be directed later in this order and recommendation. The Clerk of Court is directed to send a copy of this order to the business manager of the DCJC.

*I. STANDARD OF REVIEW*

Pursuant to 28 U.S.C. § 1915A(a), a federal court is required to conduct an initial screening of a prisoner complaint "which seeks redress from a governmental entity or officer or employee of

a governmental entity." Section 1915A(b) requires a federal court to dismiss a prisoner complaint that is: (1) "frivolous, malicious, or fails to state a claim upon which relief may be granted"; or (2) "seeks monetary relief from a defendant who is immune from such relief."

A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993). A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and that the complaint "must contain something more . . . than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action") (internal quotations and citations omitted); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (explaining that "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").

In making the above determinations, all factual allegations in the complaint must be viewed as true. *Brown v. Johnson*, 387 F.3d 1344, 1347 (11th Cir. 2004). Moreover, "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

In order to state a claim for relief under section 1983, a plaintiff must allege that: (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa County*, 50 F.3d 1579, 1581 (11th Cir. 1995). If a litigant cannot

satisfy these requirements, or fails to provide factual allegations in support of his claim or claims, then the complaint is subject to dismissal. ***See Chappell v. Rich***, 340 F.3d 1279, 1282-84 (11th Cir. 2003) (affirming the district court's dismissal of a section 1983 complaint because the plaintiffs factual allegations were insufficient to support the alleged constitutional violation). ***See also*** 28 U.S.C. 1915A(b) (dictating that a complaint, or any portion thereof, that does not pass the standard in section 1915A "shall" be dismissed on preliminary review).

## II. BACKGROUND

Plaintiff's claims arise out of an arrest that occurred on August 27, 2010. According to the Complaint, Defendant Patrolmen T. Knowlton and R. Troutman, the arresting officers, took plaintiff to the garage of the DCJC and placed plaintiff, who was handcuffed behind his back, in an "isolated metal cage." While plaintiff remained in the metal cage, Knowlton, Troutman, and defendant Deputy Jason Lamberth beat plaintiff, placed him in a choke hold that obstructed plaintiff's breathing, sprayed a can of pepper spray in plaintiff's face, and used a high pressure water hose against him. According to plaintiff, Knowlton refused to allow plaintiff to use a restroom, which forced plaintiff to urinate on himself.

Plaintiff further alleges that defendant Head Nurse Jane Doe refused to treat plaintiff for his injuries; instead, she laughed at plaintiff and told him that he would heal.

Plaintiff's claims against defendants Captain Turner, Sheriff Van Peavy, and Investigator Lamberth (father to Deputy Jason Lamberth) appear to relate to the grievance process. Specifically, plaintiff states that Turner and Peavy violated plaintiff's rights by denying his grievances and grievance appeals. Plaintiff also complains that Turner refused to provide plaintiff with copies of the DCJC's polices and procedures, including those relating to grievances. As a result, plaintiff

3

alleges that he has been denied access to the courts, including his inability properly to research the instant complaint. Plaintiff additionally alleges that it was a "conflict of interest" for Lamberth to investigate the alleged misconduct of Lamberth's son.

Plaintiff further claims that he requested treatment for an abscessed tooth on three occasions in early September 2010, but was denied treatment until the abscess ruptured on September 27. Plaintiff does not name any responsible defendants for the failure to treat his abscess.

Finally, plaintiff alleges that on September 12, 2010, defendant Deputy Terry Hurdle denied plaintiff his lunch.

Plaintiff files this action seeking damages and that criminal charges be brought against certain defendants.

## III. DISCUSSION

### A. Dismissed Defendants

#### 1. *Captain Turner, Sheriff Van Peavy, and Investigator Lamberth*

Plaintiff complains at length about the mishandling of his grievances by Captain Turner, Sheriff Peavy, and Investigator Lamberth. The Eleventh Circuit Court of Appeals has held, however, that a prisoner does not have a constitutionally-protected liberty interest in an inmate grievance procedure. **Dunn v. Martin**, No. 04-03566, 2006 WL 1049403, at * 2 (11th Cir. Apr. 21, 2006); **see also Baker v. Rexroad**, 159 Fed. Appx. 61, 62 (11th Cir. 2005). Consequently, a prison official's mishandling of an inmates grievance, including failure to timely process a grievance form, investigate it, or otherwise respond to a grievance is not actionable under section 1983. **See also Martin v. Harvey**, No. 00-1439, 2001 WL 669983, at *2, 14 Fed.Appx. 307 (6th Cir. June 7, 2001) ("The denial of the grievance is not the same as the denial of a request to receive medical care.").

4

That Sheriff Lamberth may have refused to investigate the misconduct of his son does not change this result.

Plaintiff discusses the alleged deficiencies in the grievance process at length in the context of exhaustion. If the defendants should raise plaintiff's failure to exhaust his administrative remedies as a defense to any claim, plaintiff can then raise the issues surrounding the grievance process.

As to plaintiff's complaint that Turner's failure to provide DCJC's policies and procedures hindered plaintiff's access to courts, plaintiff has not alleged any cognizable injury. *See, e.g., Lewis v. Casey*, 116 S. Ct. 2174, 2177-79 (1996). The only injury alleged by plaintiff is his inability to perform research relating to the instant complaint. Plaintiff has managed to file his complaint with this Court, however, and it is unnecessary for him provide the Court with any research.

To the extent plaintiff alleges that Captain Turner, Sheriff Peavy, and Investigator Lamberth are liable as supervisors, "supervisory officials are not liable under § 1983 for unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability." **Hartley v. Parnell**, 193 F.3d 1263, 1269 (11th Cir.1999).

In light of the foregoing, it is **RECOMMENDED** that defendants Captain Turner, Sheriff Van Peavy, and Investigator Lamberth be **DISMISSED** as defendants herein.

Pursuant to 28 U.S.C. § 636(b)(1), the plaintiff may file written objections to this recommendation with the United States District Judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy hereof.

### 2. Deputy Terry Hurdle

Plaintiff's allegations against Hurdle are too trivial to state a claim. Plaintiff was denied a meal on only one occasion. While plaintiff may have been hungry for several hours, this isolated

occurrence does not give rise to a level of constitutional significance. ***See Palmer v. Johnson***, 193 F.3d 346, 352 (5th Cir.1999) (denial of one meal does not give rise to constitutional violation). It is accordingly **RECOMMENDED** that defendant Deputy Terry Hurdle be **DISMISSED** as a defendant herein.

Pursuant to 28 U.S.C. § 636(b)(1), the plaintiff may file written objections to this recommendation with the United States District Judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy hereof.

### B. Criminal Charges

Plaintiff asks that certain defendants be charged with criminal assault. Plaintiff, however, has no constitutional right to have the defendants prosecuted. ***See Oliver v. Collins***, 904 F.2d 278, 281 (5th Cir.1990) ("The decision to file or not file criminal charges falls within [the] category of acts that will not give rise to section 1983 liability."). Having criminal charges brought against the defendants is thus not available to plaintiff as relief under section 1983.

### C. Remaining Defendants

Construing plaintiff's allegations against Patrolmen T. Knowlton and R. Troutman, Deputy Jason Lamberth, and Head Nurse Jane Doe liberally in favor plaintiff, the Court cannot conclude that plaintiff's claim against these defendants is frivolous at this juncture. Accordingly, the Court will allow the complaint to proceed against these four defendants.

Accordingly, it is hereby **ORDERED** that service be made against defendants Patrolmen T. Knowlton and R. Troutman, Deputy Jason Lamberth, and Head Nurse Jane Doe,[1] and that they file

---

[1] Plaintiff provides no description of this Jane Doe other than that she is the Head Nurse. It is not clear whether plaintiff has adequately identified this party so that a specific person may be served with process and asked to answer plaintiff's complaint. Nevertheless, the Court will allow plaintiff's claim against Jane Doe Head Nurse to go forward.

a Waiver of Reply, an Answer, or such other response as may be appropriate under Rule 12 of the FEDERAL RULES OF CIVIL PROCEDURE, U.S.C. § 1915, and the ***Prison Litigation Reform Act***. Defendants are reminded of the duty to avoid unnecessary service expenses, and of the possible imposition of expenses for failure to waive service pursuant to Rule 4(d).

### DUTY TO ADVISE OF ADDRESS CHANGE

During the pendency of this action, all parties shall at all times keep the clerk of this court and all opposing attorneys and/or parties advised of their current address. Failure to promptly advise the Clerk of any change of address may result in the dismissal of a party's pleadings filed herein.

### DUTY TO PROSECUTE ACTION

Plaintiff is advised that she must diligently prosecute her complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. Defendants are advised that they are expected to diligently defend all allegations made against them and to file timely dispositive motions as hereinafter directed. This matter will be set down for trial when the court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

### FILING AND SERVICE OF MOTIONS, PLEADINGS, DISCOVERY AND CORRESPONDENCE

It is the responsibility of each party to file original motions, pleadings, discovery, and correspondence with the Clerk of court; to serve copies of all motions, pleadings, discovery, and correspondence upon opposing parties or counsel for opposing parties if they are represented; and to attach to said original motions, pleadings, and discovery filed with the Clerk a <u>certificate of service</u> indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished (i.e., by U.S. Mail, by personal service, etc.). The Clerk of Court

will not serve or forward copies of such motions, pleadings, discovery and correspondence on behalf of the parties.

## DISCOVERY

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of the defendants from whom discovery is sought by the plaintiff. The defendants shall not commence discovery until such time as an answer or dispositive motion has been filed. Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the FEDERAL RULES OF CIVIL PROCEDURE. The deposition of the plaintiff, a state/county prisoner, may be taken at any time during the time period hereinafter set out provided prior arrangements are made with his custodian. **Plaintiff is hereby advised that failure to submit to a deposition may result in the dismissal of his lawsuit under Rule 37 of the Federal Rules of Civil Procedure.**

IT IS HEREBY ORDERED that discovery (including depositions and interrogatories) shall be completed within 90 days of the date of filing of an answer or dispositive motion by the defendant (whichever comes first) unless an extension is otherwise granted by the court upon a showing of good cause therefor or a protective order is sought by the defendants and granted by the court. This 90-day period shall run separately as to each plaintiff and each defendant beginning on the date of filing of each defendant's answer or dispositive motion (whichever comes first). The scheduling of a trial may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall <u>not</u> be filed with the Clerk of Court. No party shall be required to respond to any discovery not directed to him/her or served upon him/her by the opposing

counsel/party. The undersigned incorporates herein those parts of the **Local Rules** imposing the following limitations on discovery: <u>except with written permission of the court first obtained</u>, **INTERROGATORIES** may not exceed TWENTY-FIVE (25) to each party, **REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS** under Rule 34 of the FEDERAL RULES OF CIVIL PROCEDURE may not exceed TEN (10) requests to each party, and **REQUESTS FOR ADMISSIONS** under Rule 36 of the FEDERAL RULES OF CIVIL PROCEDURE may not exceed FIFTEEN (15) requests to each party. No party shall be required to respond to any such requests which exceed these limitations.

### REQUESTS FOR DISMISSAL AND/OR JUDGMENT

Dismissal of this action or requests for judgment will not be considered by the court absent the filing of a separate motion therefor accompanied by a brief/memorandum of law citing supporting authorities. Dispositive motions should be filed at the earliest time possible, but in any event no later than thirty (30) days after the close of discovery unless otherwise directed by the court.

### DIRECTIONS TO CUSTODIAN OF PLAINTIFF

Following the payment of the required initial partial filing fee or the waiving of the payment of same, the Warden of the institution wherein plaintiff is incarcerated, or the Sheriff of any county wherein she is held in custody, and any successor custodians, shall each month cause to be remitted to the Clerk of this court twenty percent (20%) of the preceding month's income credited to plaintiff's account at said institution until the $350.00 filing fee has been paid in full. In accordance with provisions of the *Prison Litigation Reform Act*, plaintiff's custodian is hereby authorized to forward payments from the prisoner's account to the Clerk of Court each month until the filing fee

is paid in full, provided the amount in the account exceeds $10.00.

IT IS FURTHER ORDERED AND DIRECTED that collection of monthly payments from plaintiff's trust fund account shall continue until the entire $350.00 has been collected, notwithstanding the dismissal of plaintiff's lawsuit or the granting of judgment against her prior to the collection of the full filing fee.

### PLAINTIFF'S OBLIGATION TO PAY FILING FEE

Pursuant to provisions of the *Prison Litigation Reform Act*, in the event plaintiff is hereafter released from the custody of the State of Georgia or any county thereof, she shall remain obligated to pay any balance due on the filing fee in this proceeding until said amount has been paid in full; plaintiff shall continue to remit monthly payments as required by the *Prison Litigation Reform Act*. Collection from the plaintiff of any balance due on the filing fee by any means permitted by law is hereby authorized in the event plaintiff is released from custody and fails to remit payments. In addition, plaintiff's complaint is subject to dismissal if she has the ability to make monthly payments and fails to do so.

### ELECTION TO PROCEED BEFORE THE UNITED STATES MAGISTRATE JUDGE

Under Local Rule 72, all prisoner complaints filed under provisions of 42 U.S.C. § 1983 are referred to a full-time United States Magistrate Judge for this district for consideration of all pretrial matters. In addition, 28 U.S.C. § 636(c)(1) authorizes and empowers full-time magistrate judges to conduct any and all proceedings in a jury or nonjury civil matter and to order the entry of judgment in a case upon the written consent of all the parties. Whether the parties elect to proceed before a magistrate judge or retain their right to proceed before a U.S. district judge is strictly up to the parties themselves.

After the filing of responsive pleadings by the defendants, the Clerk of court is directed to provide election forms to the parties and/or to their legal counsel, if represented.  Upon receipt of the election forms, each party shall cause the same to be executed and returned to the Clerk's Office within fifteen (15) days.  Counsel may execute election forms on behalf of their clients provided they have such permission from their clients.  However, counsel must specify on the election forms on whose behalf the form is executed.

**SO ORDERED AND RECOMMENDED**, this 29th day of November, 2010.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge