# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

MARK PURCELL FELDER, :
:
    Plaintiff :
:
VS. :
:
Patrolman T. KNOWLTON, *et al.*, : NO. 5:10-CV-402 (MTT)
:
    Defendants :
: **RECOMMENDATION**

Before the Court is plaintiff **MARK PURCELL FELDER'S** "Motion to Compel" (Tab # 10), which this Court construes as a motion for injunctive relief against officials at the Houston County Detention Center ("HCDC"), where plaintiff is presently confined. Plaintiff seeks access to a law library and legal materials in order to conduct research for this lawsuit against officials at the Dooly County Justice Center.

Officials at the HCDC are not parties to this action. This Court, therefore, has no jurisdiction to enforce any injunction against such non-parties. ***See In re Infant Formula Antitrust Litigation, MDL 878 v. Abbott Laboratories***, 72 F.3d 842, 842-43 (11th Cir.1995) (court lacks subject matter jurisdiction to issue preliminary or permanent injunction against non-party).

Moreover, a preliminary injunction is appropriate only where the movant demonstrates the following: (a) there is a substantial likelihood of success on the merits; (b) the preliminary injunction is necessary to prevent irreparable injury; (c) the threatened injury outweighs the harm that a preliminary injunction would cause to the non-movant; and (d) the preliminary injunction would not be averse to the public interest. ***Parker v. State Bd. of Pardons & Paroles***, 275 F.3d 1032, 1034-35 (11th Cir. 2001).

To state a valid claim of denial of access to the courts against HCDC officials, plaintiff must allege "actual injury regarding prospective or existing litigation," such as "missing filing deadlines or being prevented from presenting claims," while "in the pursuit of specific types of nonfrivolous cases: direct or collateral attacks on sentences and challenges to conditions of confinement." ***Wilson v. Blankenship***, 163 F.3d 1284, 1290 & n.10 (11th Cir. 1998); ***see also Lewis v. Casey***, 518 U.S. 343, 355, 369 (1996). The fact that plaintiff has been able to file this lawsuit and several motions negates any inference that plaintiff has suffered an actual injury regarding prospective or existing litigation.

In light of the foregoing, it is hereby **RECOMMENDED** that plaintiff's motion for injunctive relief be **DENIED**. Pursuant to 28 U.S.C. § 636(b)(1), the plaintiff may file written objections to this recommendation with the United States District Judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy hereof.

**SO RECOMMENDED**, this 29th day of November, 2010.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge