**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | | |
|---|---|---|
| **MARK PURCELL FELDER,** | : | |
| | : | |
| **Plaintiff,** | : | **NO.  5:10-CV-402 (MTT)** |
| | : | |
| **VS.** | : | |
| | : | |
| **JASON LAMBERTH,** *et al.*, | : | **Proceedings Under 42 U.S.C. §1983** |
| | : | **Before the U.S. Magistrate Judge** |
| **Defendants.** | : | |

_____

<u>**RECOMMENDATION**</u>

On October 22, 2010, Plaintiff Mark Purcell Felder filed the above-captioned action pursuant to 42 U.S.C. §1983 alleging numerous claims against Dooly County Sheriff's Office and Dooly County Justice Center personnel.  Doc. 1.  Presently pending in this action is a Motion for Summary Judgment filed by Defendant Futch.  Doc. 75.  Because Plaintiff has failed to demonstrate any genuine dispute of material fact with regard to his claims against Defendant Futch, **IT IS RECOMMENDED** that Defendant Futch's Motion for Summary Judgment be **GRANTED.**

<u>FACTUAL AND PROCEDURAL BACKGROUND</u>

According to the Complaint in this action, on August 28, 2010, Dooly County Sheriff's Patrolman T. Knowlton initiated a traffic stop on Plaintiff for the offense of speeding.  During the course of the stop, Knowlton learned that Plaintiff's driver's license had been suspended.  Consequently, Plaintiff was arrested, handcuffed, and put into Knowlton's patrol car.  Soon thereafter, Knowlton discovered that Plaintiff's passenger, Vonette Holmes, was in possession of marijuana.  Consequently, Holmes was also arrested, handcuffed, and put into Knowlton's patrol

car.  Both individuals were then transported to the Dooly County Justice Center.  On route, Plaintiff repeatedly complained that Knowlton's search of Holmes' purse, which led to the discovery of marijuana, was improper.

Upon arrival at the Dooly County Justice Center, Plaintiff was removed from the patrol car and placed in a metal holding cage in the jail's sally port.  At that point, Plaintiff alleges that he was choked and repeatedly slammed into the wall of the cage by Knowlton, Dooly County Jailer Defendant Jason Lamberth, and Dooly County Sheriff's Patrolman Jerome Troutman.  Thereafter, Knowlton, Troutman, and Lamberth exited the cage and entered the building.  Plaintiff next complains that, moments later, Knowlton returned to the cage and sprayed him with pepper spray.  Plaintiff asserts that Knowlton then decontaminated him by soaking him from head to toe with a water hose.  As a result of all of the above, Plaintiff claims to have sustained numerous cuts, bruises, and abrasions.  Plaintiff also contends that he was not allowed to use a toilet and was forced to urinate on himself.  Finally, Plaintiff states that he requested but was denied medical care to address his injuries.

The following day, Plaintiff explains that he was given a cursory physical examination by the jail's head nurse.  At the conclusion of the exam, rather than providing Plaintiff with any pain medication or other forms of medical treatment, the nurse merely stated, "You will heal."  Plaintiff further complains that his subsequent requests for medical treatment filed on August 30, 2010, September 2, 2010, September 7, 2010, and September 15, 2010 also went unanswered.  Plaintiff was permitted to be seen by medical personnel only after meeting with Jail Captain Turner on the afternoon of September 28, 2010 with regard to a grievance.

Plaintiff filed the instant complaint demanding a total of thirty five thousand dollars in compensatory and punitive damages as well as an order directing that the cage in the sally port not be used for illegal beatings.  Following a review of Plaintiff's allegations conducted pursuant to 28 U.S.C. §1915(a), Plaintiff was allowed to proceed with claims of excessive force against Patrolmen T. Knowlton, R. Troutman, Deputy Jason Lamberth, and a claim of medical deliberate indifference against Head Nurse Jane Doe.  Doc. 15, Doc. 28.  Plaintiff subsequently amended his Complaint to substitute Defendant Debbie Futch for Head Nurse Jane Doe.  See Doc. 22, Doc. 23.  In response, Defendant Futch filed the instant Motion for Summary Judgment.

## LEGAL STANDARDS

In accordance with Rule 56 of the Federal Rules of Civil Procedure, summary judgment must be granted if "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law" Fed.R.Civ.P. 56(a).  A genuine dispute of material fact arises only when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The moving party "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of a material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (internal quotation marks omitted).  If the moving party meets this burden, the burden shifts to the nonmoving party to go beyond the pleadings and present specific evidence showing that there is a genuine issue of material fact, or that the moving party is not entitled to

judgment as a matter of law.  Id. at 324–26.  If the evidence presented by the non-movant is "not significantly probative" or is "merely colorable," then summary judgment may be granted. Anderson, 477 U.S. at 249.  In fact, summary judgment must be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial ." Celotex, 477 U.S. at 322.

## DISCUSSION

The evidence in the record of this case fails to presents any genuine issues of material fact with regard to Plaintiff's claim that Defendant Debbie Futch was deliberately indifferent to his serious medical needs.  To establish medical deliberate indifference, a plaintiff must show (1) "an objectively serious medical need" and (2) a defendant's subjective knowledge of, and more than negligent disregard of, that need.  See Farrow v. West, 320 F.3d 1235, 1245-46 (11th Cir. 2003). As such, allegations of mere negligence or even medical malpractice will not suffice.  McElligott v. Foley, 182 F.3d 1248, 1254 (11th Cir. 1999).  Moreover, so long as the provided medical treatment is "minimally adequate," an inmate's preference for more or different treatment will not give rise to a Constitutional violation.  See Harris v. Thigpen, 941 F .2d 1495, 1505 (11th Cir . 1991).  Stated another way, absent evidence of 1) an outright refusal to provide necessary medical care; 2) a deliberate delay in the provision of necessary treatment; 3) the administration of "grossly inadequate care;" or, 4) "medical care which is so cursory as to amount to no treatment at all," an inmate's claim of medical deliberate will not succeed even where an objectively serious medical need and a defendant's subjective knowledge thereof has been established.  McElligott, 182 F.3d at 1255 (citations omitted).

As was set forth above, Plaintiff's claim of deliberate indifference to his serious medical needs consist of the following allegations:

1.      That on August 29, 2010, following a cursory examination, Defendant Head Nurse Debbie Futch refused to treat him for his injuries.

2.      That unspecified officials ignored or refused his repeated requests for treatment for an abscessed tooth until it ruptured on September 27, 2010.

In response to these allegations, in support of her Motion for Summary Judgment, Defendant Futch provided and relies upon her own affidavit, a copy of Plaintiff's medical records, and the affidavits of jail physician Charles Ruis, M.D. and jail nurse Christy Coleman, LPN.  See Doc. 75. Defendant Futch acknowledges in her affidavit that, at the time of the allegations set forth in Plaintiff's Complaint, she was the Health Services Administrator (Head Nurse) at the Dooly County Justice Center.  Futch Aff. ¶4, Def.  Ex. A, Doc. 75-1.  Defendant Futch asserts, however, that she was not working at the Dooly County Justice Center on August 29, 2010.  Id. at ¶5.  Futch explains that her only contact with Plaintiff consisted of an Intake Screening / Health History / Physical Assessment that she conducted on August 31, 2010, and routine medication administration visits,. Id. at ¶5.

Futch's contentions are supported by Plaintiff's medical records which she submitted as an attachment to her affidavit.  Medical Records of Plaintiff, Def. Ex. A,  Doc. 75-1, pp. 8-35.  The record of Plaintiff's August 31, 2010 intake examination indicates that Plaintiff's vital signs were normal and that he had no observable physical abnormalities.  Id. at 17-20.  The records further show that, during the examination, Plaintiff did not report any physical injury stemming from the events on the day of his arrest and booking into the Dooly County Justice Center and did not

complain of any other musculoskeletal pain or dental pain.  Id.; Futch Aff, ¶9.  In light these records, absent any other evidence to the contrary, Plaintiff has failed to create a genuine issue of material fact concerning Defendant Futch's alleged conduct on August 31, 2010.

Plaintiff's allegations of an unconstitutional denial or delay in medical attention for his abscessed tooth are similarly contradicted by his medical records.  According to the evidence, Plaintiff's first request for medical attention was made on August 29, 2010, and concerned dental pain.  Def. Ex. A,  Doc. 75-1, p. 28.  That same day, in response to the request, Plaintiff was evaluated by jail nurse Christy Coleman, L.P.N..  Coleman Aff. ¶6.  During this examination, Coleman noted that there was no observable drainage from Plaintiff's tooth and that Plaintiff did not appear to be in any distress.  Id.  Coleman treated the tooth by placing a temporary filling.  Id.  Coleman then contacted mid-level provider Rachael Etheridge, FNP-C, to obtain additional treatment instructions.  Id.  Pursuant to Etheridge's instructions, Coleman scheduled an off-site dentist appointment and started Plaintiff on two Tylenol, twice a day.  Id.  In addition, Coleman arranged for Plaintiff to see jail physician Charles Ruis, M.D., at the next available sick call.

Dr. Ruis examined Plaintiff on October 2, 2010.  Ruis Aff. ¶5.  During this examination, Dr. Ruis noted that Plaintiff's tooth was missing the temporary filling.  In addition, in response to Plaintiff's complaints of back pain, Dr. Ruis evaluated the range of motion in Plaintiff's lower back and found it to be 50% of normal limits.  Id. at ¶6.  Consequently, Dr. Ruis prescribed Plaintiff Tylenol 3 and Amoxcil and ordered a lumbar spine x-ray.  Id.  After reviewing the results of the x-ray, despite Plaintiff's complaints of back trouble, Dr. Ruis concluded that no further medical intervention was necessary.  Id. at ¶6- ¶7.

On October 5, 2010, Plaintiff was transported to the office of Dr. Chapman, the jail's local dental services provider.  Doc. 75-1, p. 26.  Dr. Chapman removed Plaintiff's abscessed tooth (#30) without complication.  Id.  Plaintiff was then returned to the Dooly County Justice Center where he remained until October 12, 2010.

When Plaintiff returned to the Dooly County Justice Center on November 19, 2010, he filed a request for medical attention complaining of chronic back pain.  Id. at 29.  Plaintiff's request was received by Defendant Futch on November 22, 2010.  Id., Futch Aff. ¶15.  After reviewing Plaintiff's request, Defendant Futch scheduled him to see Dr. Ruis at the next available appointment. Futch Aff. ¶15.

Plaintiff's examination by Dr. Ruis occurred on November 27, 2010.  Ruis Aff. ¶9.  Though the results of this assessment were essentially normal, Dr. Ruis decided to order an MRI.  Id.  Dr. Ruis also directed that Plaintiff be given pain medication and muscle relaxers.  Id.  On December 2, 2010, before the MRI could be performed, Plaintiff was released from the Dooly County Justice Center.  Id. at  ¶10.

The evidence of Plaintiff's record of treatment while incarcerated at the Dooly County Justice Center is not sufficient to create a reasonable inference that Defendant Futch was, at any time, deliberately indifferent to Plaintiff's medical needs.  This record shows that Plaintiff received substantial care for his abscessed tooth, back pain, and other medical concerns, including referral to outside specialists and diagnostic procedures.  Given this record of treatment, no reasonable jury could find that Defendant Futch was deliberately indifferent to Plaintiff's medical needs.

<u>CONCLUSION</u>

For the reasons set forth above, Plaintiff has not established the existence of any issue of material fact with regard to his claims against Defendant Futch.  Consequently, Defendant Futch is entitled to judgment as a matter of law.  Accordingly, **IT IS RECOMMENDED** that her Motion for Summary Judgment be **GRANTED**.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this **RECOMMENDATION** with the district judge to whom the case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy thereof.

**SO RECOMMENDED**, this 23rd day of July, 2012.


s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge