IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| MARK PURCELL FELDER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 5:10-CV-402 (MTT) |
| ) | |
| JASON LAMBERTH, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## ORDER

By order dated October 25, 2012 [Doc. 98], the Court granted the Plaintiff's motion asking the Court to issue subpoenas for the production of certain documents and things. With regard to the Dooly County Sheriff's Department, the Plaintiff requested the following:

1) Sheriff Van Peavy, is in possession of a video tape that recorded the incident in the garage of transports there at the Dooly County Justice Center on August 28, 2010. Requesting footage from 12 AM to 5 AM while Plaintiff was in the isolated.
2) Sheriff Van Peavy is in possession of Plaintiff's Arrest and Booking reports on August 28, 2010, also in possession of the Dooly County Justice Center's Booking Log, dating back from August 27, 2010 to November 30, 2010.
3) Sheriff Van Peavy or his Agents are in possession [of] incident reports where a use of force was used against the Plaintiff by defendants Knowlton; Troutman; and Lamberth on August 28, 2010, and all witness statements made by staff on said date.
4) Sheriff Van Pevy or his Agents are in possession of Tavy Knowlton's complete personnel files, including disciplinary complaints by staff and inmates or Peavy knows whose [sic] in possession of these documents. Defendant Knowlton refused to disclose said information during the discovery period.
6) Sheriff Van Peavy is in possession of standard operation and procedures for the use of force, use of chemical agents, and the isolated cage in the garage of transports at Dooly County

>Justice Center.  These document[s] were not disclosed as requested during the discovery period.

Counsel for the remaining defendants reports that, to the extent that the Sheriff or the Sheriff's Department has the requested items, they have been produced, with the exception of the personnel files requested by the Plaintiff.  Counsel reports that only relevant portions of the personnel files have been produced.  Counsel also reports that there is no video tape of the incident at issue.

Accordingly, the Court orders counsel for the remaining defendants to bring to the November 8, 2012 trial the originals of all items and things identified above and to file a status report within ten days of this order explaining why no video tape exists.  If the Plaintiff has reason to belief that there is or should be a video recording of the incident, he shall submit to the Court a report explaining why.  With regard to the requested personnel files, the Court will review the files in camera to determine whether the Plaintiff is entitled to any information in the files not previously produced.

**SO ORDERED**, this the 25th day of October, 2012.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT